LANCE, APPELLEE, *v.*
LEOHR ET AL., APPELLANTS.

(No. 1211—Decided April 27, 1983.)

*Mr. Philip Zimmerman,* for appellee.
*Mr. David P. Bertsch,* for appellants.

GEORGE, J. On April 28, 1979, the motorcycle ridden by plaintiff Jerald J. Lance collided with the automobile driven by defendant Tamra R. Leohr. The defendant admitted liability, and this case came to trial on the issue of damages. The jury returned a verdict for the plaintiff in the amount of $25,000. The defendant moved in the alternative for a new trial or a remittitur of $15,000. The court gave the plaintiff the option of a $10,000 remittitur or a new trial, and the plaintiff accepted the remittitur. The defendant appeals.

## Assignment of Error

"Where an excessive verdict is rendered under the influence of passion or prejudice, it is error for the trial court to ,

grant a remittitur rather than a new trial."

Where the court is of the opinion that a verdict is excessive, but is not due to passion or prejudice, the court may, with the consent of the plaintiff, remit a portion of the verdict and, as an alternative to a new trial, enter judgment in the lesser amount. *Allgood* v. *Meadow Wood Homes, Inc.* (March 16, 1983), Summit App. No. 10859, unreported. The defendant's consent to a remittitur is unnecessary. *Chester Park Co.* v. *Schulte* (1929), 120 Ohio St. 273; and *Lee* v. *Benedict* (1907), 23 Ohio C.C. (N.S.) 561, 565.

The trial court did not find that the verdict was the result of passion or prejudice, and the defendant claims the court erred in that regard. In support of this contention the defendant offers several instances of purported misconduct by the plaintiff's counsel.

The determination of whether such conduct was sufficient to taint the verdict with passion or prejudice ordinarily lies within the sound discretion of the trial court. Before a reviewing court will disturb the exercise of the trial court's discretion, the record must clearly demonstrate highly improper argument by counsel which tends to inflame the jury. *Larrissey* v. *Norwalk Truck Lines, Inc.* (1951), 155 Ohio St. 207 [44 O.O. 238].

This court has reviewed the record. Many of the incidents of which the defendant complains were not objected to at trial. Others were the subject of curative instructions by the trial court. Admittedly, the record reveals that plaintiff's counsel employed artful subterfuge which sometimes stretched the bounds of propriety to their limit. However, it is devoid of instances of conduct so highly improper or inflammatory as to amount to clear evidence that the verdict was the product of the jury's passion or prejudice. Absent such evidence, this court cannot find that the trial court abused its discretion. The assignment of error is overruled and the judgment is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and BAIRD, J., concur.