SLIVKA ET AL., APPELLEES AND CROSS-APPELLANTS, *v.* C.W. TRANSPORT, INC. ET AL., APPELLANTS AND CROSS-APPELLEES.

(No. 55066—Decided June 14, 1988.)

*A.P. Leary,* for appellees and cross-appellants.

*Charles P. Alusheff,* for appellants and cross-appellees.

*Per Curiam.* On May 10, 1984, plaintiff-appellee, David Slivka ("Slivka"), was injured as a result of an automobile-truck accident which occurred on Interstate 270. Slivka, driving a station wagon and towing another vehicle by means of a tow-bar hook, was rear-ended by a vehicle driven by defendant-appellant Ronald H. Foy and owned by defendant-appellant C.W. Transport, Inc. (collectively "C.W. Transport"). A complaint was filed as a result of the collision. The matter was referred to arbitration. The parties stipulated to liability in favor of Slivka who was then awarded $8,300.

Slivka filed an appeal from this judgment and a jury trial was held in the Cuyahoga County Court of Common Pleas. The jury returned a verdict in favor of Slivka for $502.30 stating, "We the Jury, have all agreed to only compensatory medical expenses to this date." Thereafter, Slivka filed a motion for new trial, or in the alternative, for an additur.[1] The court denied the motion for a new trial but granted the additur without the consent of either party, thus increasing the judgment to $2,512.30.

C.W. Transport has filed a timely notice of appeal assigning two errors. Slivka has cross-appealed assigning one error for our review.

Assignments of Error Nos. I and II

"I. The trial court erred in granting the plaintiff-appellee's motion for an additur, since there is no provision for said remedy under the Ohio Civil Rules of Procedure.

_____

[1] In his motion, Slivka did not request a specific amount.

"II. Assuming, *arguendo,* that the trial court has discretionary power to grant an additur, the trial [court] erred to the prejudice of the defendant-appellant in granting the plaintiff-appellee's motion for an additur without the assent of both parties."

Where a court is of the opinion that a verdict is excessive, but is not due to passion or prejudice, the court may, with the consent of the plaintiff, remit a portion of the verdict and, as an alternative to a new trial, enter judgment in a lesser amount. *Lance* v. *Leohr* (1983), 9 Ohio App. 3d 297, 298, 9 OBR 544, 459 N.E. 2d 1315, 1316. Likewise, if the parties agree to an additur due to an inadequate award, the court may add to the verdict as long as the verdict is not the product of passion or prejudice.

In order to determine whether a new trial or an adjustment in the verdict is necessary, it is incumbent upon the court to ascertain whether the jury's verdict was influenced by passion or prejudice. To do so, it is the court's duty to consider not only the amount of damages returned, but also whether the record discloses that the verdict was induced by:

(1) admission of incompetent evidence, or

(2) misconduct on the part of the court or counsel, or

(3) whether the record discloses any other action occurring during the course of the trial which can be reasonably said to have swayed the jury in their determination of the amount of damages that should be awarded. *Fromson & Davis Co.* v. *Reider* (1934), 127 Ohio St. 564, 569, 189 N.E. 851, 853.

We agree with C.W. Transport that the court cannot simply change the amount of the jury's award without the parties' consent. To do so would allow the court to arbitrarily usurp the role of the jury. Thus, in the case *sub judice* the court's granting of an ad-ditur was improper. Assignments of Error Nos. I and II are sustained.

In his cross-assignment of error, Slivka asserts that the verdict was against the manifest weight of the evidence and thus the trial court erred in not granting the motion for a new trial since he testified that he hurt his knees. To support this argument, Slivka relies, primarily upon *Baum* v. *Augenstein* (1983), 10 Ohio App. 3d 106, 10 OBR 129, 460 N.E. 2d 701, paragraph two of the syllabus, wherein the court held:

"A new trial is warranted on the ground of inadequacy of damages where it appears from the record that the jury failed to consider an element of damages raised by uncontroverted expert testimony."

In *Baum,* the court was presented with the issue of whether the jury failed to include in its verdict an award for future medical expenses. The evidence was uncontroverted that the injured plaintiff would require future corrective surgery. Thus, the court reversed the jury verdict and remanded the matter for a redetermination of damages. In this case, Slivka argues that inherent in the court's granting of an additur as well as the jury's limited award is a finding that the jury failed to "consider an element of damages" — to wit: pain and suffering.

The only portion of the trial transcript which has been provided to us is Slivka's own testimony together with the transcripts of the videotape depositions of both parties' expert physicians. Both Dr. Brahms, defendant's expert, and Dr. Steele, plaintiff's expert, testified that Slivka incurred some pain as a result of the injury. Since the jury did not reach a decision as to the amount Slivka was entitled to recover for pain and suffering, appellee's cross-assignment of error is sustained.

The judgment of the trial court is

reversed and the cause is remanded for a new trial solely on the question of damages.

*Judgment reversed and cause remanded.*

PRYATEL, P.J., ANN MCMANAMON and MARKUS, JJ., concur.