Plaintiff-appellant, Paul W. Ortman, appeals from a decision of the Madison County Court of Common Pleas denying his motion for a directed verdict and an order denying his motion for a new trial on damages.
On June 22, 1993, appellant and appellee, Norma J. Lumbert, were involved in an automobile collision. Immediately after the collision, appellant was taken to an emergency room where he received pain medication for his shoulder along with a neck brace and an arm sling. Over the next ten months, appellant received five injections, several prescriptions, and physical therapy to alleviate the pain in his shoulder. In April of 1994, appellant's doctor concluded that physical therapy was no longer beneficial and that surgery on appellant's shoulder was required. On June 7, 1994, appellant underwent surgery which revealed that appellant had been suffering from impingement syndrome and a partial rotator cuff tear. For an additional two months after the surgery, appellant continued to take pain medication for his shoulder.
On August 26, 1994, appellant filed a complaint against appellee seeking damages for medical expenses, lost wages, and pain and suffering incurred as a result of the accident. On June 20, 1996, Management Service, Inc. ("Management") was added as a plaintiff in the action seeking subrogation for worker's compensation payments made to appellant for his lost wages and medical expenses.
A jury trial commenced on March 27, 1996. At the close of opening statements, appellee stipulated that her negligence caused the collision with appellant. The evidence at the trial revealed that Management paid appellant's medical bills in the amount of $21,286.25 and paid appellant $17,727.60 in lost wages. At the close of the evidence, the trial court directed a verdict of $39,013.85 in favor of Management for the lost wages and medical bills that it paid. The issues of proximate cause and damages on appellant's remaining claim for pain and suffering and disability were submitted to the jury. The jury returned a verdict for appellant in the amount of $0.
On April 11, 1996, the trial court entered a judgment entry finalizing the jury's verdict and the directed verdict in favor of Management. On April 22, 1996, appellant filed a motion for a new trial on damages, which was denied by the trial court on May 23, 1996.
On appeal, appellant raises the following three assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF THE PLAINTIFF-APPELLANT IN DENYING HIS MOTION FOR A DIRECTED VERDICT REGARDING WHETHER HIS SHOULDER INJURY, AND ITS ASSOCIATED SURGERY, PAIN AND SUFFERING AND DISABILITY, WAS THE DIRECT AND PROXIMATE RESULT OF THE DEFENDANT-APPELLEE'S NEGLIGENCE.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF PLAINTIFF-APPELLANT IN FAILING TO GRANT HIM A NEW TRIAL ON THE GROUND THAT THE VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF PLAINTIFF-APPELLANT IN FAILING TO GRANT HIM A NEW TRIAL ON THE GROUND THAT THE JURY'S AWARD OF ZERO DOLLARS AS COMPENSATION FOR THE PAIN AND SUFFERING AND DISABILITY ASSOCIATED WITH THE PLAINTIFF'S SHOULDER INJURY, WHICH THE UNCONTROVERTED EVIDENCE ESTABLISHED WAS THE DIRECT AND PROXIMATE RESULT OF THE DEFENDANT-APPELLEE'S TORTIOUS MISCONDUCT, IS INADEQUATE, APPEARING TO HAVE BEEN GIVEN UNDER THE INFLUENCE OF PASSION OR PREJUDICE.
In his second assignment of error, appellant argues that a new trial on damages should have been granted because the judgment of $0 was against the manifest weight of the evidence. Civ.R. 59(A)-(6) provides that a new trial on all or part of the issues may be granted where a judgment is not sustained by the weight of the evidence. A trial court's decision to deny a request for a new trial will only be reversed if the trial court abused its discretion. Rohde v. Farmer (1970), 23 Ohio St.2d 82; Airborne Exp. v. Sys. Research Labs. (1995), 106 Ohio App.3d 498, 506.
In order to set aside a damage award as inadequate and against the manifest weight of the evidence, a reviewing court must determine that the verdict is so grossly disproportionate as to shock the sense of justice and fairness, cannot be reconciled with the undisputed evidence in the case, or is the result of an apparent failure by the jury to include all the items of damage making up the plaintiff's claim. Iames v. Murphy (1995),106 Ohio App.3d 627; Bailey v. Allberry (1993),88 Ohio App.3d 432. Thus, a new trial should be ordered where a jury fails to award any damages for a plaintiff's uncontroverted pain and suffering. Hardy v. Osborn (1988), 54 Ohio App.3d 98, 100; Slivka v. C.W. Transport, Inc. (1988), 49 Ohio App.3d 79, 80; Hughes v. Koop (Feb. 18, 1997), Clermont App. No. 96-10-081, unreported.
Implicit in the jury's verdict for appellant was a finding that appellant's shoulder injury was the direct and proximate result of appellee's negligence. Nevertheless, the jury awarded $0 damages for the pain and suffering that appellant incurred as a result of his injuries. In light of the abundant and uncontroverted evidence of appellant's pain and suffering, this verdict cannot be reconciled with the undisputed evidence in the case and is the result of an apparent failure by the jury to include all the items of damage making up the plaintiff's claim. See Acton v. Ventling (June 27, 1994), Butler App. No. CA93-05-088, unreported. Therefore, the verdict was against the manifest weight of the evidence and appellant's second assignment of error is sustained.
Appellant's first and third assignments of error are rendered moot by our decision on his second assignment of error, and therefore, need not be reviewed by this court. App.R. 12(A).
The judgment of the trial court is reversed and the cause is remanded for a new trial solely on the question of damages.
YOUNG, P.J., and KOEHLER, J., concur.