OPINION
Plaintiff Robert K. Nelson appeals a judgment of the Court of Common Pleas of Stark County, Ohio, entered in favor of appellant on a jury verdict in his favor in the amount of $12,400.00. The trial court overruled appellant's motion to tax court costs to defendant-appellee Erie Insurance Company, and also overruled Erie's request that the court reduce appellant's award by $5,000.00 which Erie had paid under its medical provision prior to litigation. Appellant assigns three errors to the trial court:
ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR #1
 THE TRIAL COURT'S JUDGMENT UPON THE JURY'S VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
ASSIGNMENT OF ERROR #2
 THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION FOR NEW TRIAL.
ASSIGNMENT OF ERROR #3
 THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO TAX COSTS TO APPELLEE ERIE.
Erie also assigns as error:
ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED BY DECLINING TO REDUCE THE VERDICT AWARD BY THE AMOUNT OF PREVIOUSLY PAID MEDICAL BENEFITS.
The record indicates appellant was injured in two separate automobile collisions, the first of which occurred on March 10, 1993, and the second on September 13, 1994. Appellant alleged he sustained severe physical injuries in each collision.
In the March 10, 1993 accident, the vehicle in which appellant was a passenger was struck from behind by an automobile driven by Robert Piatt. Eventually, with Erie's consent, appellant settled his claim against Piatt for the $25,000.00 limit of Piatt's liability coverage.
In the September 13, 1994 accident, appellant was traveling in the left lane of U.S. Highway 62 when an uninsured driver backed his vehicle from the median strip into the front driver's side of appellant's car. Appellant secured a default judgment against the driver of this vehicle on the issue of liability, but the court held the issue of damages for trial.
Appellant made claims to Erie for underinsured coverage arising out of the first accident, and uninsured benefits for the second accident. Erie rejected the claims, arguing the $25,000.00 payment from Piatt's insurance company, plus the medical benefits coverage paid by Erie adequately compensated appellant for the injuries he had suffered from both collisions.
At trial, appellant presented evidence he suffered a head injury, cervical sprain, and left knee sprain as a result of the first collision. Appellant's doctor testified he suffered frequent severe dizzy spells requiring medication as a result of the head injury. Appellant's medical expenses amounted to nearly $9,600.00.
Appellant also presented evidence he suffered a structural rib disfunction, or intercostal neuralgia in the second accident. Appellant's doctor testified this injury causes severe pain and is permanent. Appellant's medical expenses from the second collision totaled nearly $18,800.00.
Appellee presented its medical expert, who testified appellant was injured in both collisions, but in his expert opinion, appellant's injuries were not permanent from either accident. Erie also argued appellant had pre-existing ailments, as well as a weight problem, which contributed to the conditions of which he complained.
The jury returned a verdict in favor of appellant and against Erie in the amount of $20,400.00, of which $8,000.00 was apportioned to the first collision and $12,400.00 apportioned to the second collision. In answer to an interrogatory, the jury specifically found the injuries suffered in the two collisions were distinguishable. The court set off the amount of the original settlement from the first collision, and awarded appellant a net amount of $12,400.00.
We will address appellant's assignments of error first.
 I
Appellant first argues the court's judgment is against the manifest weight of the evidence. Appellant correctly cites us toC.E. Morris Company v. Foley Construction Company (1978), 54 Ohio St.2d 279, as authority for the proposition that judgments supported by competent and credible evidence which goes to each of the essential elements of the case should not be reversed by the reviewing court as being against the manifest weight of the evidence. Appellant urges the judgment in this case is not supported by competent and credible evidence.
The parties concede there was no issue as to liability in this action, but rather, the sole question for the jury was the extent of appellant's damages. Appellant notes the jury's verdict for each collision was less than the total medical expenses for the collision. In the first collision, appellant incurred medical expenses of $9,590.00, but the jury awarded him $5,000.00 for medical expenses, $1,500.00 for pain and suffering, and $1,500.00 for disability and impairment. Although the medical expenses for the second collision amounted to $18,783.85, the jury awarded appellant only $10,000.00 for medical expenses, $800.00 for pain and suffering, and $1,600.00 for disability and impairment. Appellant argues the jury's verdict is inadequate in light of the medical expenses.
Erie responds that even appellant's own doctor admitted appellant was treated for any complaint appellant might have regardless of its origin, and the doctor further admitted appellant had numerous pre-existing ailments. Erie argues based upon the evidence presented, a jury could reasonably conclude that not all of the expenses of the treatments received from appellant's doctors were associated with the accidents, but some simply related to appellant's numerous pre-existing medical conditions.
We have reviewed the record, and we find there was sufficient competent and credible evidence in the record to support the jury's verdict.
The first assignment of error is overruled.
 II
Appellant moved the court for a new trial pursuant to Civ. R. 59. Civ. R. 59 (A) states in pertinent part:
(A) Grounds
 A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
 (1) Irregularity in the proceedings of the court, jury, referee, or prevailing party, or any order of the court or referee, or abuse of discretion, by which an aggrieved party was prevented from having a fair trial;
(2) Misconduct of the jury or prevailing party;
 (3) Accident or surprise which ordinary prudence could not have guarded against;
 (4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;
 (5) Error in the amount of recovery, whether too large or too small, when the action is upon a contract or for the injury or detention of property;
 (6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case;
(7) The judgment is contrary to law;
 (8) Newly discovered evidence, material for the party applying, which with reasonable diligence he could not have discovered and produced at trial;
 (9) Error of law occurring at the trial and brought to the attention of the trial court by the party making the application;
 In addition to the above grounds, a new trial may also be granted in the sound discretion of the court for good cause shown.
Appellant again argues the damages awarded by the jury are inadequate upon the facts and circumstances of this case.
The parties agree motions for new trial are directed to the sound discretion of the trial court, see Domestic Linen v. KenwoodDealer Group (1996), 109 Ohio App.3d 312. This court may not reverse unless it finds the trial court abused its discretion. The Supreme Court has frequently defined the term "abuse of discretion" as implying ". . . the court's attitude is unreasonable, arbitrary or unconscionable. . . ." Chester Township v. GeaugaCounty Budget Committee (1976), 48 Ohio St.2d 372.
Appellant cites Slivka v. C.W. Transport, Inc. (1988), 49 Ohio App.3d 79, wherein the Court of Appeals for Cuyahoga County reviewed a jury verdict which failed to award any compensation for pain and suffering damages even though the testimony was uncontrovered that the injury had caused some pain. The Eighth Appellate District held a new trial on the issue of damages was warranted because the jury had failed to consider an uncontroverted element of damages. We find the Slivka case is not like the case at bar, for here, the jury made some award, although less than appellant had hoped for, for medical expenses, for pain and suffering, and for disability and impairment. The jury made no award for future damages, but there was evidence presented to the jury which would support a finding the injuries were not permanent in nature.
Our review of this record leads us to conclude the trial court did not abuse its considerable discretion in overruling the motion for a new trial.
The second assignment of error is overruled.
 III
Appellant moved to tax costs to Erie pursuant to Civ. R. 54 (D). The rule provides that costs shall be allowed to the prevailing party unless the court directs otherwise. Appellant argues he was successful on his claims and was awarded a monetary judgment, and thus he should have recovered his court costs. At the very least, appellant argues he should have recovered costs attributable to the issue of liabillity on both claims, because Erie was unwillingly to stipulate even to liability.
The trial court identified the issue raised in appellant's motion to tax costs as questioning which party actually prevailed in this action. The trial court noted in the area of personal injury cases, the issue of liability is not the determinative factor, but the amount of the award given by the jury is the actual test of success. The court found considering the matter in its totality, and comparing the demand for settlement, the response offered by the defendants, and the award of the jury, the court found that Erie was the prevailing party herein.
We have reviewed the record, and we find the trial court did not err in finding that although Erie was ordered to pay a judgment, Erie nevertheless was the prevailing party given the circumstances of this case. Further, the rule expressly permits the court to award costs to the party other than the prevailing party.
The third assignment of error is overruled.
 Erie's Assignment of Error I
Erie paid appellant $5,000.00 before trial, pursuant to the medical coverage contained in its policy of insurance with appellant. The medical payment coverage provision states ". . . at our option, we will pay the injured person or any party furnishing medical services. Payment to such a party will reduce the amount we owe the injured person. Payment under this coverage does not mean that we or anyone we protect is legally liable. . . ."
Erie argues as a matter of contract, it is entitled to setoff its $5,000.00 medical payment to reduce the jury's verdict.
Erie cites us to Wayne Mutual Insurance Company v. Burdge
(July 10, 1995), Stark Appellate #95CA0011, unreported. The trial court distinguished the case at bar from Burdge, and overruled Erie's motion for set off.
Burdge began as a declaratory judgment brought by the insurance company to determine the parties' rights and duties under the policy of insurance. The trial court originally found no duty to pay uninsured motorist's benefits or medical benefits, but this court reversed that decision in Wayne Mutual InsuranceCompany v Burdge (August 23, 1993), Stark Appellate #CA9243, unreported. Thereafter, the parties proceeded to arbitrate the amount of damages due under the uninsured motorist's coverage provision of the policy. The arbitration resulted in an award to the injured parties, including the costs of medical and hospital treatment for the insured persons. Thereafter, Mr. Burdge made a claim for medical benefits from the medical pay provision of the policy. The insurance company denied the claim, and this court found the language in the policy of insurance permitted the insurance company to reduce the amounts payable for expenses under medical payments by any amounts paid for the same expenses under the liability or uninsured motorist's portions of the policy.
The trial court distinguished Burdge from the case at bar because here, Erie had paid appellant $5,000.00 under the medical payment coverage of the insurance policy prior to the jury award. The court also found a set off for money previously paid under medical payments coverage of an insurance policy is against public policy and disallowed by Ohio law. In Shearer v. MotoristsMutual Insurance Company (1978), 53 Ohio St.2d, the Ohio Supreme Court found that uninsured motorists benefits cannot be reduced based upon previously paid medical payments. The rationale for this is that the uninsured motorists statute, and public policy, prohibited diluting uninsured motorists coverage. In Burdge, we noted the holding in Shearer, but cited Karabin v. State MutualInsurance Company (1984), 10 Ohio St.3d 163, which held medical payments coverage in insurance contracts is not mandated by statute, but is merely a matter of contract between the insurer and the insured. For this reason, in Burdge, we agreed while uninsured motorists coverage cannot be reduced by the amount of medical payment coverage, medical payment coverage could be reduced by previously paid uninsured motorists payments.
Here, as the trial court correctly found, the medical payment was made prior to trial. We find for this reason that the logic ofShearer, and not Karabin, prevails. The trial court correctly concluded that appellant's payments under the underinsured and uninsured portions of his policy could not, as a matter of public policy and Ohio law, be reduced by any amount paid out under the medical payment coverage.
The cross-assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
By Gwin, P.J., and Hoffman, J., concurs separately.
Wise, J., concurs separately.