[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This appeal is taken from a final judgment of the Lake County Court of Common Pleas. Appellant, Twanna F. Herron, appeals from the trial court's decision to grant a new trial upon the motion of appellees, Timothy and Stephanie Padden.
Early in the evening of June 28, 1994, Timothy Padden ("Padden") was proceeding southbound in his vehicle on State Route 91 in Eastlake, Ohio. He was traveling at a rate of approximately fifty miles-per-hour. At the same time, appellant was traveling northbound on State Route 91. As the parties approached an intersection, the light was green for traffic traveling northbound and southbound on State Route 91.
Padden intended to drive straight through the intersection. Upon approaching the traffic light, however, Padden saw appellant's vehicle begin to make a left turn directly across his path of travel. He slammed on his brakes, but could not prevent the ensuing collision. The front end of Padden's vehicle collided with the passenger side of appellant's automobile. The impact of the collision caused significant damage to both vehicles. Padden and appellant were transported by ambulance from the scene of the accident to a nearby hospital.
At the hospital, Padden complained of stiffness, dizziness, and difficulty in breathing. After being x-rayed, Padden was released from the hospital. Appellant, meanwhile, was also examined and released.
Several days after the accident, Padden consulted Dr. Michael DiCello ("Dr. DiCello") because he was continuing to experience discomfort in his neck and back. Dr. DiCello prescribed a painkiller and a muscle relaxant for Padden. In addition, Padden received physical therapy on his back. He missed approximately five weeks of work in the immediate aftermath of the accident.
On June 7, 1996, appellees filed a negligence action against appellant in the trial court. The complaint alleged damages in the form of physical injuries, pain and suffering, lost wages, medical expenses, and loss of consortium. Following time for discovery, the case proceeded to a jury trial on June 9, 1997. At trial, the parties stipulated to appellant's negligence in causing the accident.
Padden testified at the proceeding. He described the course of treatment he had received from Dr. DiCello. Padden indicated that he still had difficulty lifting heavy objects and could not sit for long periods of time without experiencing discomfort in his back. During Padden's testimony, photographs of his damaged vehicle and various medical bills were offered into evidence.
The deposition testimony of Dr. DiCello was also read to the jury. Dr. DiCello testified that Padden was suffering from muscle spasms, a reduction in the range of motion of the cervical and dorsal lumbar spine, and a herniated disc in his back. According to Dr. DiCello, within a reasonable degree of medical certainty, these injuries were caused by the deceleration trauma caused by the June 28, 1994 accident.
Finally, two of Padden's co-workers were called to testify. Both indicated that, subsequent to the accident, Padden had difficulty lifting heavy objects and performing field work in his job as a fax machine repair technician.
The defense countered with the videotaped deposition testimony of their own expert witness, Dr. Timothy Gordon ("Dr. Gordon"). Dr. Gordon conducted a physical examination of Padden and reviewed his medical records in March 1997 in preparation for the pending trial. Based on this evaluation, Dr. Gordon opined that he found no objective indication of any residual injury suffered by Padden as a result of the automobile accident.
On June 10, 1997, the jury returned a unanimous verdict in favor of appellant. This judgment was entered by the trial court the following day. Thereafter, appellees filed a motion for a new trial pursuant to Civ.R. 59(A)(2), (4), (6), and (7). On July 29, 1997, the trial court granted appellees a new trial under Civ.R. 59(A)(6) on the ground that the jury's verdict could not be sustained by the weight of the evidence.
From this judgment, appellant filed a timely appeal with this court in which she asserts the following assignments of error:
 "[1.] The trial court erred to the prejudice of defendant-appellant when, contrary to law and in abuse of its judicial discretion, it granted plaintiff-appellees' motion for a new trial pursuant to Rule 59(A) of the Ohio Rules of Civil Procedure.
 "[2.] The decision rendered by the trial court in this action was erroneous as a matter of law and it should be reversed upon that basis regardless of the issue of abuse of discretion."
In her first assignment of error, appellant maintains that the trial court abused its discretion by granting appellees' motion for a new trial. Civ.R. 59(A)(6) provides:
 "A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
"* * *
 "(6) the judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case[.]"
When ruling on a motion for a new trial predicated on the weight of the evidence, the trial court must weigh the evidence and pass on the credibility of witnesses. Rohde v. Farmer (1970),23 Ohio St.2d 82, 92. While the jury has substantially unlimited power to assess weight and credibility, the trial court's consideration of such matters is more restricted. Essentially, the trial court must make a broad-based determination as to whether a manifest injustice has been done because the verdict returned by the jury is against the weight of the evidence. Id.;Atkinson v. Internatl. Technegroup, Inc. (1995), 106 Ohio App.3d 349,358; Nelson v. McClintock (Sept. 26, 1997), Portage App. No. 96-P-0204, unreported, at 4, 1997 Ohio App. LEXIS 4408.
Thus, it falls within the province of the jury to weigh the evidence, and the trial court may not usurp that function. Rohde,23 Ohio St.2d at 92. Nevertheless, when presented with a motion for a new trial under Civ.R. 59(A)(6), the trial court must engage in a limited weighing of the evidence. The trial court may not set aside a verdict based upon a mere difference of opinion with the jury as to the weight of the evidence. However, when the trial court finds a verdict manifestly against the weight of the evidence, the court is under a duty to set aside the judgment.Id.
The grant or denial of a Civ.R. 59(A)(6) motion for a new trial is committed to the sound discretion of the trial court. The trial court's decision will not be reversed on appeal absent an abuse of discretion. Malone v. Courtyard by Marriott Ltd.Partnership (1996), 74 Ohio St.3d 440, 448; Rohde, 23 Ohio St.2d at paragraph one of the syllabus; Airborne Express, Inc. v. Sys.Research Laboratories, Inc. (1995), 106 Ohio App.3d 498, 506;Nelson, 1997 Ohio App. LEXIS 4408, at 4. An abuse of discretion connotes more than simply an error of law or judgment; rather, it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
Moreover, a reviewing court must view the evidence favorably to the trial court's action rather than to the jury's verdict.Malone, 74 Ohio St.3d at 448; Rohde, 23 Ohio St.2d at 94. This deference to the trial court's decision stems from the recognition that the trial judge is better situated than an appellate court to pass on questions of witness credibility and the surrounding circumstances of the trial. Malone, 74 Ohio St.3d at 448; Rohde,23 Ohio St.2d at 94.
The case sub judice was a personal injury action predicated upon the negligence of appellant in causing the motor vehicle accident. In a negligence action, the plaintiff has the burden of demonstrating the following elements: (1) the existence of a legal duty; (2) a breach of that duty; (3) proximate causation; and (4) damages. Buck v. Canacci (Nov. 21, 1997), Lake App. No. 96-L-185, unreported, at 5, 1997 Ohio App. LEXIS 5236. In this case, appellant stipulated as to the first two elements, thereby admitting that she negligently caused the accident. Thus, the only issues tried before the jury were proximate causation and damages.[1]
As indicated earlier, the jury returned its verdict in favor of appellant. From this, the only conclusion that can be drawn is that the jury found either that the accident was not the proximate cause of Padden's neck and back injuries or that Padden suffered no compensable injury as a result of the crash. Upon being presented with appellees' motion for a new trial, the trial court determined that the jury's verdict was counter to the weight of the evidence because appellees had introduced undisputed evidence of damages that were proximately caused by the accident.[2]
On appeal, appellant takes the position that the trial court erred by granting a new trial because there was competent, credible evidence supporting the jury's verdict in her favor. To this end, appellant suggests three ways in which either proximate causation or damages were not proved by a preponderance of the evidence, thereby supporting the jury's finding: (1) appellant testified that she was not injured in the automobile accident; (2) Dr. Gordon saw no objective indication of any residual injury when he examined Padden; and (3) Padden did not immediately provide a comprehensive medical history to Dr. DiCello, thereby raising the possibility that the doctor may not have known about other potential causes for Padden's lingering neck and back pain.
Appellant's evidentiary arguments are not persuasive. With regard to the first argument, it is true that appellant testified that she was uninjured in the accident. This, however, does not mean that Padden also walked away unhurt from the collision. Appellant's testimony really had no bearing on whether appellees met their burden of proving that Padden sustained injury.
As for appellant's second argument, the trial court obviously viewed Dr. DiCello's diagnosis and treatment of Padden as more credible than the opinion offered by Dr. Gordon to the extent that there was a conflict between the testimony of the two expert witnesses. Dr. DiCello did treat Padden in the months immediately after the accident, whereas Dr. Gordon did not examine him until almost three years after the fact.
Appellant's third argument relates to the fact that Padden did not fully inform Dr. DiCello about his medical history until several years following the accident. Specifically, Padden testified on cross-examination that he had suffered severe lacerations on his left leg and forearm during a machete attack in 1983. The defense elicited this testimony in an attempt to suggest that the numbness Padden was experiencing in his left hand was a lingering effect of the 1983 machete attack, rather than a by-product of the 1994 automobile accident. Padden also testified that he had suffered a broken jaw and a slight skull fracture in 1979.
Although Padden admitted that he did not immediately tell Dr. DiCello about these events, it does not necessarily follow that the trial court abused its discretion by granting appellees a new trial. Padden specifically denied having any lingering medical problems as a result of the 1979 and 1983 traumas. Indeed, Padden maintained that he did not experience neck or back pain or numbness in his hand prior to the June 28, 1994 collision.
We agree that a plaintiff is not necessarily entitled to recovery just because a defendant concedes that he or she was negligent in causing a traffic accident. See, e.g., Buck, 1997 Ohio App. LEXIS 5236 (holding that plaintiff was not entitled to a new trial after jury found in favor of defendant-motorist who stipulated to negligently causing automobile accident). In the case at bar, appellant admitted that she was negligent in causing the collision. This left appellees with the burden of going forward with evidence to prove that they suffered damages as a proximate result of appellant's negligence.
In their brief, appellees suggest that appellant's counsel made what amounted to judicial admissions that effectively acknowledged that Padden incurred at least some injury as a result of the accident. During opening statements, defense counsel remarked: "The evidence will show that plaintiff was transported to Lake County West Hospital. Absolutely true. He had some initial problems. Absolutely true." In the course of delivering her closing argument, counsel stated "I will tell you that the pieces that I've been able to put together show that there was a car accident, that plaintiff sustained some injury as a result of that car accident * * *."
Judicial admissions normally arise in the context of the pleadings. In order to operate as a judicial admission, "an allegation in a pleading must be an allegation of a material and competent fact and not a mere statement of a legal conclusion."Faxon Hills Constr. Co. v. United Bhd. of Carpenters (1958),168 Ohio St. 8, paragraph one of the syllabus.
Statements made during opening and closing arguments, however, may constitute judicial admissions. See Hake v. Wiedemann BrewingCo. (1970), 23 Ohio St.2d 65, 68; Gray v. Baughman Twp. Trustees
(Apr. 8, 1996), Stark App. No. 1995 CA 00173, unreported, at 11-12, 1996 Ohio App. LEXIS 2059. This court has previously held that statements by counsel do not rise to the level of a judicial admission where there is no indication that the statement was intended to dispense with formal proof of material facts. Holeskiv. Lawrence (1993), 85 Ohio App.3d 824, 833.
In this case, the statements made by defense counsel during opening and closing arguments did not constitute judicial admissions. There was not sufficient indicia that the statements embodied a waiver of appellees' burden of proof with respect to proximate causation and damages. Moreover, appellees did not request that the trial court treat the statements as judicial admissions by instructing the jury accordingly.
Even ignoring these statements by defense counsel, appellees did present evidence at trial that Padden was injured to some degree in the accident. Consequently, the trial court determined that the jury's verdict in favor of appellant was manifestly against the weight of the evidence. Specifically, the trial court concluded that the jury lost its way in finding that appellees suffered no damages as a proximate result of the accident.
Upon viewing the evidence most favorably to the trial court's action rather than to the verdict, we agree that the jury's decision was against the weight of the evidence. Such evidence tended to prove that appellees incurred at least some measure of damages for which they were entitled to recovery. See, e.g.,Shepper v. Tontimonia (Aug. 23, 1996), Portage App. No. 95-P-0079, unreported, at 5, 1996 Ohio App. LEXIS 3561 ("[A] new trial would be warranted if the jury failed to consider an element of damages established by uncontroverted expert testimony."), citing Miller v. Irvin (1988), 49 Ohio App.3d 96, 98 and Slivka v.C.W. Transport, Inc. (1988), 49 Ohio App.3d 79, 80. The trial court did not abuse its discretion by granting a new trial. Appellant's first assignment lacks merit.
In her second assignment of error, appellant maintains that the trial court erred as a matter of law in granting a new trial. This proposed error has its origins in a series of questions the jury submitted to the trial court during the course of its deliberations. The jury asked the trial court the following: (1) whether Padden was compensated by appellant's insurance company for his initial medical care; (2) whether Padden received compensation for the five weeks of work he missed after the accident; and (3) whether any of Padden's bills were previously paid. After consulting with counsel for both parties, the trial court instructed the jury not to consider insurance at all when rendering a decision, but rather to make its determination based only on the evidence before it.
After the jury returned a defense verdict, appellees filed their motion for a new trial. As stated earlier, the motion was predicated on Civ.R. 59(A)(2), (4), (6), and (7). According to appellees, it was obvious from the questions submitted by the jury that its members took insurance into consideration during the course of their deliberations, despite the trial court's admonition to the contrary. Based on this, appellees argued that they were entitled to a new trial on the ground of jury misconduct under Civ.R. 59(A)(2). Also, appellees maintained that a new trial was necessary under Civ.R. 59(A)(4) because the jury was unduly influenced by passion or prejudice to find in favor of appellant due to the possibility that she was uninsured and subject to personal liability for the accident.
Appellant maintains that there was no evidence to support a finding of either jury misconduct or undue passion/prejudice; therefore, the trial court erred as a matter of law by granting appellees' motion for a new trial based on these two grounds. This argument is totally unsupported by the record.
The trial court's judgment entry clearly indicates that the court granted a new trial based solely on its conclusion that the jury's verdict was against the weight of the evidence under Civ.R. 59(A)(6). The fact that appellees invoked various grounds in their motion for a new trial, including Civ.R. 59(A)(2) and (4), does not mean that the trial court relied on those grounds when granting a new trial. Indeed, a review of the judgment entry belies appellant's contention that the trial court somehow based its decision on jury misconduct or undue passion/prejudice. Appellant's second assignment is not well-taken.
Based on the foregoing analysis, appellant's two assignments of error are without merit. Accordingly, the judgment of the trial court is affirmed. __________________________ JUDGE JUDITH A. CHRISTLEY
FORD, P.J., concurs with Concurring Opinion,
O'NEILL, J., concurs.
[1] In its judgment entry granting the Civ.R. 59 motion, the trial court stated that the parties had stipulated to appellant's liability before contesting the issues of proximate causation and damages at trial. Given its context, the trial court was obviously using the word "liability" to mean that appellant admitted she was at fault (i.e., negligent) in causing the accident, but that the questions of proximate causation and damages remained to be determined by the trier of fact.
[2] In her brief before this court, appellant suggests that the trial court failed to specify its reason for granting a new trial. If so, this could be reversible error in light of the holding of the Supreme Court of Ohio in Antal v. Olde World Products, Inc.
(1984), 9 Ohio St.3d 144, syllabus:
 "When granting a motion for a new trial based on the contention that the verdict is not sustained by the weight of the evidence, the trial court must articulate the reasons for so doing in order to allow a reviewing court to determine whether the trial court abused its discretion in ordering a new trial."
 Upon review of the trial court's judgment entry, it is apparent that the court did articulate a reason underlying its finding that the jury's verdict was not sustained by the weight of the evidence. Specifically, the trial court wrote that "[t]he jury lost its way in finding for Defendant as Plaintiffs presented uncontroverted evidence of damages proximately caused by subject accident." This statement was admittedly brief, and the trial court certainly could have expounded on its reasoning in more detail. However, for purposes of Antal, it sufficed to provide the parties with some explanation for the grant of a new trial, especially when read in context of the entire judgment entry.
 CONCURRING OPINION