DECISION AND JUDGMENT ENTRY
{¶ 1} Marcy and David Randolph appeal the amount of damages awarded by a Lawrence County jury following a trial on a personal injury automobile accident with John Fetty. First, the Randolphs contend the trial court erred in denying their motion for judgment notwithstanding the verdict. Because there is substantial evidence supporting Fetty's position, thus enabling reasonable minds to differ over the evidence, the trial court properly denied the Randolphs' motion for judgment notwithstanding the verdict. Next, the Randolphs contend that the trial court erred in denying their motion for a new trial. Because the record reflects 1.) the trial court did not abuse its discretion in finding the jury's award adequate and not motivated by prejudice or passion, 2.) there is some competent, credible evidence going to all essential elements of the case, and 3.) the jury's award is not contrary to law, the trial court properly denied the Randolphs' motion for a new trial. Thus, we affirm the trial court's decision.
 {¶ 2} In March 2000, John Fetty rear-ended Marcy Randolph by driving his pick-up truck into her car. In November 2000, the Randolphs filed a complaint against Fetty alleging negligence and seeking damages against him. Following discovery, the trial court granted the Randolphs' motion for summary judgment on the issue of Fetty's negligence. Thus, the parties tried the case to a jury on the issue of damages only. During the three-day trial, the Randolphs called sixteen witnesses, which Fetty cross-examined, and Fetty called two witnesses, which the Randolphs cross-examined. As a result, the jury found in favor of the Randolphs and awarded them $1,977.95.
 {¶ 3} After the jury returned its verdict, the Randolphs filed two motions, a motion for judgment notwithstanding the verdict and a motion for a new trial. The trial court denied both motions and the Randolphs appealed.
 {¶ 4} First Assignment of Error — The trial court erred in denying appellants' motion for judgment notwithstanding the verdict under Rule 50 of the Ohio Rules of Civil Procedure. Second Assignment of Error
The trial court erred in denying appellants' motion for new trial under Rule 59(A) of the Ohio Rules of Civil Procedure. A. The trial court erred in not granting a new trial on the ground of inadequate damages under Rule 59(A)(4) of the Ohio Rules of Civil Procedure. B. The trial court erred in not granting a new trial under Rule 59(A)(6) of the Ohio Rules of Civil Procedure where the judgment was not sustained by the weight of the evidence. C. The trial court erred in not granting a new trial under Rule 59(A)(7) of the Ohio Rules of Civil Procedure where the judgment was contrary to law. D. The trial court erred in not granting a new trial under Rule 59(A) of the Ohio Rules of Civil Procedure where good cause was shown.
 {¶ 5} In their first assignment of error, the Randolphs argue that the trial court erred in denying their motion for a judgment notwithstanding the verdict under Civ.R. 50(B). Specifically, the Randolphs' contend that substantial evidence does not support the jury's damages award because Fetty failed to rebut most of her medical expenses testimony. Thus, the Randolphs' reason the jury awarded "less than the uncontroverted medical expenses." We do not agree.
 {¶ 6} In considering a motion for judgment notwithstanding the verdict under Civ.R. 50(B), a trial court applies the same test as it does in evaluating a motion for a directed verdict under Civ.R. 50(A).Osler v. Lorain (1986), 28 Ohio St.3d 345, 347, 504 N.E.2d 19. The court must construe the evidence adduced at trial in the light most favorable to the nonmoving party. Id. The court must deny the motion if, upon consideration of all the evidence, there exists substantial evidence to support the non-movant's position and upon which reasonable minds might differ. Id. In other words, where there is evidence to support the prevailing party, a court may not usurp the jury's function. Although it is necessary to review and consider evidence, a motion for judgment notwithstanding the verdict presents a question of law and not one of fact. O'Day v. Webb (1972), 29 Ohio St.2d 215, 280 N.E.2d 896, paragraph three of the syllabus. Accordingly, our review of the trial court's ruling on a motion for judgment notwithstanding the verdict is de novo.Ford v. Tandy Transp., Inc. (1993), 86 Ohio App.3d 364, 379,620 N.E.2d 996. But we must not pass on the weight or credibility of evidence or testimony when deciding a Civ.R. 50 motion. Wagner v. RocheLaboratories, 77 Ohio St.3d 116, 119, 1996-Ohio-85, 671 N.E.2d 252. Moreover, a jury is free to believe all, part or none of the testimony of any witness who testifies before it. Rogers v. Hill (1998),124 Ohio App.3d 468, 470, 706 N.E.2d 438.
 {¶ 7} Here, the jury returned a general verdict in favor of the Randolphs for a total of $1,977.95. Interestingly, the Randolphs did not request that the trial court submit written interrogatories under Civ.R. 49(B). Therefore, there is no way to determine what amount the jury awarded the Randolphs for medical expenses, lost wages or pain and suffering. Nevertheless, the Randolphs submitted evidence suggesting lost wages, medical expenses and pain and suffering in excess of $400,000. Specifically, one of Mrs. Randolph's treating doctors, Dr. Phifer, diagnosed a "post concussive disorder" and recommended a day treatment program, which would help Mrs. Randolph adjust to life with a permanent brain injury. The Randolphs also presented evidence showing that Mrs. Randolph could not return to her job as a waitress because of the constant pain from the headaches. Moreover, several people testified regarding the change in Mrs. Randolph's behavior from a calm and outgoing person who planned many group activities to a tired and angry person who does not want to leave her home.
 {¶ 8} However, Fetty contested this evidence by cross-examining each of the Randolphs' witnesses and presenting two expert witnesses himself. Specifically, Fetty presented evidence, through cross-examination and two independent medical examiners on direct examination, stating that much of Mrs. Randolph's pre-trial treatment was unnecessary, no future treatment was necessary, that she exaggerated her pain, that the only injury she suffered because of the accident was a soft tissue injury and that no residual injury existed. Perhaps most importantly, Fetty presented evidence that Mrs. Randolph had suffered two prior car accidents, which resulted in similar soft tissue injuries and concussions. See Krannitz v. Harris, Pike App. No. 00CA649, 2001-Ohio-2683 (stating that "the plaintiff bears the burden of proof to establish the extent of the aggravation [of a prior injury] within a reasonable degree of medical certainty and the amount of damages to be apportioned to the aggravation."). Moreover, through cross-examination, Fetty established that Mrs. Randolph neglected to inform Dr. Phifer of these two prior car accidents. Fetty also established that the paramedics treating Mrs. Randolph at the scene of the accident did not note a loss of consciousness and that she refused transport to the emergency room. However, Mrs. Randolph voluntarily went to the emergency room the next day. Nevertheless, even though Mrs. Randolph did not tell the paramedics that she thought she lost consciousness for a time, she told three different doctors that she was unconscious for seven to eight seconds, two to three minutes and, finally, seven to eight minutes. Therefore, the trial court did not err in denying the Randolphs' motion for judgment notwithstanding the verdict because substantial evidence exists to support Fetty's position so that reasonable minds could differ on the outcome.
 {¶ 9} In their second assignment of error, the Randolphs argue that the trial court abused its discretion in denying their motion for a new trial. The Randolphs contend that the trial court erred because the jury returned a verdict for inadequate damages, the weight of the evidence does not support the jury's award and the judgment is contrary to law. We do not agree.
 {¶ 10} The granting of a motion for a new trial rests in the sound discretion of the trial court and we will not reverse that decision on appeal absent an abuse of that discretion. Breech v. Turner (1998),127 Ohio App.3d 243, 253-54, 712 N.E.2d 776. An abuse of discretion is more than an error of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Landis v. Grange Mut. Ins.Co., 82 Ohio St.3d 339, 342, 1998-Ohio-387, 695 N.E.2d 1140.
 {¶ 11} Under Civ.R. 59(A), a trial court may grant a new trial if it finds, in its sound discretion, that the movant has shown good cause. Under Civ.R. 59(A)(4), a trial court may grant a new trial only if the movant demonstrates that the jury verdict was inadequate and that the jury gave its verdict under the influence of passion or prejudice. Slivkav. C.W. Transport, Inc. (1988), 49 Ohio App.3d 79, 80, 550 N.E.2d 196,Krannitz v. Harris, Pike App. No. 00CA649, 2001-Ohio-2683. Moreover, the size of the verdict, by itself, is not normally conclusive proof of passion or prejudice. Krannitz, supra, citing Pearson v. ClevelandAcceptance Corp. (1969), 17 Ohio App.2d 239, 245, 246 N.E.2d 602. Under Civ.R. 59(A)(6), the court may grant a new trial if the judgment was not sustained by the weight of the evidence. We will not reverse a judgment as being against the manifest weight of the evidence when some competent, credible evidence, going to all essential elements of the case, supports the judgment. C.E. Morris Co. v. Foley Const. Co. (1978),54 Ohio St.2d 279, 280, 376 N.E.2d 578. Under Civ.R. 59(A)(7), the court may grant a new trial if the judgment is otherwise contrary to law.[1]
 {¶ 12} Here, the Randolphs argue that the jury's award does not represent even one-third of the amount of undisputed damages and that the weight of the evidence warrants a new trial. However, Fetty argues that he disputed all of the evidence and that the jury's award was not the result of passion or prejudice.
 {¶ 13} The Randolphs and Fetty presented the jury with two starkly different medical opinions and other evidence regarding Mrs. Randolph's condition. As we noted previously, reasonable minds could differ as to which version they chose to credit. In his closing argument, Fetty stated that the jury could find that it was reasonable to incur the costs for the initial visit to the emergency room and the directive to stay off work for two days. However, Fetty disputed the Randolphs remaining evidence, including their evidence showing a permanent injury that would require extensive further treatment. Nevertheless, Fetty's independent medical examiners did state that an injury occurred but that it was only a soft tissue injury, which would heal itself with no further treatment. The jury's award of $1,977.95 indicates that it chose to believe Fetty's witnesses, which it is entitled to do. Based on the evidence presented, the jury's award is reasonable, supported by some competent and credible evidence, not contrary to law and the Randolphs failed to show that good cause required a new trial. Therefore, the trial court did not abuse its discretion in denying the Randolphs' motion for a new trial.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Evans, P.J.: Not Participating[2].
Kline, J.: Concurs in Judgment and Opinion.
[1] The Randolphs' assignment of error states that they are seeking a new trial based on all four arguments above; however, their brief only addresses the weight of the evidence. Nevertheless, in the interests of justice, we will briefly address all four arguments.
[2] This case was submitted to Judge Evans five weeks prior to its release. Internal court case management policy requires some response within fifteen days after submission for a vote. In light of the length of time without a response of any kind, the other members of the panel have proceeded accordingly.