OPINION
{¶ 1} Plaintiff-appellant Danielle Wines appeals the decision of the Belmont County Common Pleas Court, which granted her motion for a new trial in the case against defendant-appellee Jennifer Flowers. Appellant sought a new trial only on the issue of non-economic damages such as pain and suffering, but the trial court granted a new trial on all damages. She contends that the court should not have granted a new trial on the issue of medical expenses. For the following reasons, the judgment of the trial court is hereby affirmed.
 STATEMENT OF THE CASE {¶ 2} In November 2001, appellee's vehicle ran into the back of appellant's vehicle. Appellant went to the emergency room that day and suffered back problems over the next few months. Appellant filed a negligence action against appellee, which was tried to a jury in August 2005. Appellee admitted her negligence, but she disputed that any injuries or damages were proximately caused by the accident.
 {¶ 3} In a verdict with special interrogatories, the jury awarded appellant the full amount of past medical expenses in the amount of $5,113, but granted no future medical expenses. The jury also refused to award any damages for past or future pain and suffering and for past or future loss of enjoyment of life.
 {¶ 4} Appellant filed a motion for a new trial under Civ.R. 59(A)(4) and (6) on the grounds that the verdict was inadequate as a result of passion or prejudice and was against the weight of the evidence. She cited multiple appellate cases holding that where the jury awards all past medical expenses but awards no damages for pain and suffering, the verdict is against the weight of the evidence. Appellant specifically did not seek a new trial on the medical expenses portion of the jury verdict; thus, she sought to maintain both the $5,113 verdict for all past medical expenses and the $0 verdict for future medical expenses. She cited case law suggesting that a new trial only on pain and suffering and loss of enjoyment of life was the proper recourse.
 {¶ 5} On December 20, 2005, the trial court granted a new trial, agreeing that under the facts of this case, where the jury found that all past medical bills were proximately caused by appellee, their verdict of zero damages for pain and suffering was against the weight of the evidence. The court noted that there existed uncontroverted evidence that appellant suffered pain and distress. The court held that the award could not be reconciled with the undisputed evidence and/or the jury failed to include all elements of damages. The court concluded that fairness dictated that the new trial would proceed on all elements of appellant's damages, without presuming medical expenses. Although her new trial motion was granted, appellant filed timely notice of appeal since it was granted to a further extent than sought.
 GENERAL LAW {¶ 6} A trial court's decision to grant or deny a new trial motion is entitled to deference and will not be reversed absent an abuse of discretion to the extent that the trial court exercised judicial discretion in reaching its decision. Wagnerv. Roche Laboratories (1999) 85 Ohio St.3d 457, 460. To the extent the trial court's decision did not involve the exercise of discretion, but was based upon a question of law, no deference is afforded. Id.
 {¶ 7} Civ.R. 59(A) allows the trial court to grant a new trial "on all or part of the issues" for various reasons. One of those reasons is if the verdict is inadequate and appears to have been influenced by passion or prejudice. Civ.R. 59(A)(4). Another reason is if the judgment is against the weight of the evidence as the trial court found herein. Civ.R. 59(A)(6).
 {¶ 8} New trials are often granted when medical expenses are awarded in full but no damages are awarded for pain and suffering in cases where the evidence indisputably shows that the plaintiff incurred pain and suffering. See, e.g., Boldt v. Kramer (May 14, 1999), 1st Dist. No. C-980235 (remanding for new trial only on pain and suffering during the relevant time periods); Slivkav. C.W. Transport, Inc. (1988), 49 Ohio App.3d 79 (remanding for new trial on all damage issues). The issue here is not whether a new trial was required. Rather, the issue is whether the new trial should proceed on all damage issues or whether the award concerning medical expenses should remain with the new trial proceeding only on the issue of pain and suffering and loss of enjoyment of life.
 ASSIGNMENT OF ERROR {¶ 9} Appellant's sole assignment of error contends:
 {¶ 10} "THE TRIAL COURT ERRED IN AWARDING A NEW TRIAL `AS TO ALL DAMAGES'."
 {¶ 11} Appellant complains that the effect of the court's ruling is to require her to relitigate the amount of past medical expenses. She contends that the new trial should only encompass the inadequate parts of the verdict. She reviews four appellate cases where the result was to maintain the medical expenses portion of the award and remand for a new trial only on the elements of the damage award which the plaintiff contested.
 {¶ 12} For instance, the First District reversed a trial court's denial of a new trial motion where the jury awarded the emergency room bill but no pain and suffering. Boldt v. Kramer
(May 14, 1999), 1st Dist. No. C-980235. The court remanded solely on the issue of pain and suffering immediately following the accident including the time in the emergency room. Id.
 {¶ 13} That court thereafter limited a remand in a similar case to a new trial only on the issues of future pain and suffering and inability to perform usual activities. Scott v.Condo (May 3, 2002), 1st Dist. No. C-010123. There, the First District noted that App.R. 12(D) only allows retrial of issues that resulted in the error. Id., citing Mast v. Doctor's Hosp.North (1976), 46 Ohio St.2d 539, 541. They concluded that issues tried without error should be allowed to stand since error as to one issue does not attach to other issues. Id.
 {¶ 14} The Third District reversed a similar case where the jury provided full compensation for medical expenses but no other damages such as pain and suffering. Elston v. Woodring (Feb. 1, 2001), 3d Dist. No. 4-2000-12. There, appellant sought a new trial on all damage issues, but the trial court denied the motion. The appellate court found the award to be against the weight of the evidence. Id. In remanding for a new trial, the appellate court determined that the new trial would only proceed on pain and suffering associated with the medical treatment covered by the original damage award and any future pain and suffering. Id., citing Boldt, 1st Dist. No. C-980235.
 {¶ 15} Additionally, the Eleventh District reversed a trial court's denial of a new trial motion where the jury awarded the full amount of medical expenses but awarded no pain and suffering. Vieira v. Addison (Aug. 27, 1999), 11th Dist. No. 98-1-054. The appellate court limited the new trial solely to the amount of pain and suffering. Id.
 {¶ 16} In response to the four cases cited by appellant, appellee notes the procedural differences in those cases. Specifically, the trial court had denied the request for a new trial, and the appellate court was thus the original determiner of the scope of the new trial. Appellee also points to the language in Civ.R. 59(A), stating that a new trial can be granted "on all or part of the issues." Appellee concludes that the scope of the new trial on damages was within the trial court's discretion, noting that the trial court explained that fairness dictated a new trial on all damage issues.
 {¶ 17} Contrary to the four cases cited by appellant, our independent research has unearthed appellate cases reversing and remanding for a new trial on all damages in similar situations. First, the Eighth District was confronted with a case where the jury awarded all medical expenses but no other damages. Slivkav. C.W. Transport (1988), 49 Ohio App.3d 79, 80. The trial court entered an additur without the parties' consent. On appeal, the defendant contested the additur, and the plaintiff contested the jury's refusal to award damages for pain and suffering. The appellate court reversed the improper additur but granted a new trial of all damages in general. Id.
 {¶ 18} Moreover, the Sixth District has ordered a new trial on all damages where the jury awarded all past medical expenses but no pain and suffering. Perry v. Whitaker (June 22, 2001), 6th Dist. No. WD-00-65. The Twelfth District has done so as well.Popson v. Pennington (Aug. 14, 2000), 12th Dist. No. CA-99-05-013. In fact, the First District (whose two cases remanding for new trial only on certain damage issues are reviewed supra) has also upheld a trial court's order granting a new trial on all damages. Kallmeyer v. Allstate Ins. Co. (June 23, 2000), 1st Dist. Nos. C-990812, C-990799 (where the defendant argued that new trial should be limited to past pain and suffering).
 {¶ 19} The varying decisions show that a trial court has discretion to determine if the new trial should be granted on all damage issues or only on a portion of the damage award. This is what the Second Appellate District has concluded. Drehmer v.Fylak, 163 Ohio App.3d 248, 2005-Ohio-4732 at ¶ 26 (trial court has broad discretion to order retrial "on all or part of the issues"). In that case, it was the defendant who sought to limit the new trial to only pain and suffering. The trial court granted a new trial on all damages. Although the Second District held that the decision was a discretionary one, they concluded that the trial court abused its discretion under the unique circumstances of that case. First, the Second District pointed out:
 {¶ 20} "Unlike an appellate court, which may order the retrial of only those issues, claims, or defenses the original trial of which resulted in prejudicial error, Mast v. Doctor'sHosp. N. (1976), 46 Ohio St.2d 539, 75 O.O.2d 556,350 N.E.2d 429, a trial court is authorized by Civ.R. 59(A) to order a new trial of any or all of the issues that a judgment has determined upon one or more of the findings contemplated by Civ.R. 59(A)(1) through (9). `However, the granting of a new trial on part of the issues is rarely exercised in jury actions due to an intertwining of the issues.' 2 Klein Darling, Baldwin's Ohio Civil Practice (1997), Section 59:4. That application of Civ.R. 59 differs from its application in nonjury trials, in which the court `may take additional testimony or amend its findings and then enter a new judgment.' Id., citing 1970 Staff Notes to Civ.R. 59(A)." Id. at ¶ 10.
 {¶ 21} "* * *
 {¶ 22} "[A] trial court that grants a Civ.R. 59(A) motion is not confined by the terms of the rule to order a new trial only on the issue or issues directly affected by the defect it finds. Rather, the court is authorized by Civ.R. 59(A) to order a retrial of any or all of the issues determined by the judgment entered on the jury's verdict, and courts rarely order a retrial of fewer than all the issues the jury determined when the issues are intertwined." Id. at ¶ 23.
 {¶ 23} However, the court then stated:
 {¶ 24} "While the authority conferred by Civ.R. 59(A) to grant a new trial on all or part of the issues is unrestricted by the rule, the court's discretionary exercise of that authority is subject to the continuing requirement of reasonableness. AAAEnt. v. River Place Community. A failure to act reasonably in that regard is an abuse of discretion. Id." Id. at ¶ 31.
 {¶ 25} "* * *
 {¶ 26} "While a party is entitled to a new trial on one of the findings in Civ.R. 59(A)(1) through (5), the extent of the relief that the court orders when it grants a motion for a new trial should correspond to the effects of the defect found. Further, the extent of that relief should give deference to the jury's primary role as the finder of facts. When the jury has clearly decided an issue in favor of the party opposing the motion, and the issue is unaffected by the particular defect that the court finds with respect to a wholly separate issue, a retrial of all issues is not reasonably warranted. The issue or issues to be retried should be limited to those that were affected by the defect according to the court's findings." Id. at ¶ 34.
 {¶ 27} The Second District concluded that the damage issues regarding two distinct injuries were not so intertwined as to justify a new trial on the damage portions of both injuries. Id. at ¶ 32. Thus, the court held that the trial court abused its discretion when it vacated the entire judgment entered and ordered a retrial of all of the plaintiff's claims for relief. The court then ordered a retrial only on pain and suffering related to the injury for which the jury found the plaintiff incurred medical expenses. Id. at ¶ 35.
 {¶ 28} However, that case is distinguishable because it relied on the fact that two distinct injuries were not so intertwined as to justify a new trial on the damage portions of both injuries. Id. at ¶ 32. Since the two injuries were separate, there was no reasonable need to retry the damage award regarding the injury for which the jury found no damages.
 {¶ 29} Here, at appellant's urging, the trial court reasonably found that the award of past medical expenses but a zero damage award for pain and suffering is inconsistent and against the weight of the evidence. The trial court's remedy of granting a new trial on all damages did not violate the Drehmer
holding as there are not distinct injuries each with their own distinct damage awards. Rather, appellant's injuries, for which medical expenses were incurred, were found to be attributable to the accident as a whole.
 {¶ 30} The inconsistency of these verdicts is difficult to interpret. Where the jury found appellant incurred $5,113 worth of treatment and testing for injuries that were proximately caused by appellee but then found that she experienced no pain, suffering or loss of enjoyment of life, the court cannot be certain whether the jury understood its duty. We conclude that it was within the trial court's sound discretion to determine that fairness requires a new trial on all damage issues, including medical expenses. That is, the issues were sufficiently intertwined to reasonably allow a new trial on the medical expenses as well as on the non-economic damages. We shall not second guess the trial court's discretionary decision on the extent of the new trial in this case.
 {¶ 31} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Donofrio, P.J., concurs.
DeGenaro, J., concurs.