### SWISHER v C C C & ST L RY CO

Ohio Appeals, 1st Dist, Hamilton Co

No 4171.   Decided Jan 23, 1933

Harry H. Friedman, Cincinnati, and Jacob S. Hermann, Cincinnati, for plaintiff in error.

Harmon, Colston, Goldsmith & Hoadly, Cincinnati, for defendant in error.

ROSS, PJ.

This case has been tried three times. At the first trial a verdict was instructed for the Railroad Company, and, on motion for a new trial, it was set aside. The second trial resulted in a verdict for plaintiff in error, which, on motion for a new trial, was set aside.

It is our conclusion from a reading of the record that substantial justice has been done the parties, and that there is ample evidence to sustain the verdict.

The plaintiff in error alleged wanton and wilful negligence. There is no evidence to support this charge, and this element of the case of plaintiff in error was properly excluded from the consideration of the jury.

It is urged that the court committed error in the following special charge, given at the request of the defendant in error:

"I charge you that if you find from the evidence that the plaintiff, Forest E. Swisher, attempted to board this train while it was moving at a rate of speed which made such act apparently dangerous, then he was guilty of contributory negligence and your verdict must be in favor of defendant."

We find no error in this charge.

In the giving of special charge No. 3, at the request of defendant in error, it is also claimed the court committed error. This is as follows:

"I charge you that if you find from the evidence that neither the engineer nor the fireman upon the locomotive which was drawing defendant's train No. 90 knew that the plaintiff, Forest E. Swisher, was about to board the train, then your verdict must be for the defendant."

It is claimed that the charge was defective in that it "left out entirely the element of whether or not the train crew **should have known** that plaintiff was about to board the train."

All the evidence of plaintiff in error was predicated upon the fact that the fireman **did** know plaintiff in error was about to board the train and acquiesced in this intention.

To have charged as to what the fireman should have known under such circumstances would have presented, to say the least, a reflection upon the testimony of plaintiff in error and his witnesses.

The necessary number of jurors failed to sign answers to certain interrogatories. These are, therefore, valueless for any purpose. They were not disregarded, the jury simply could not agree thereon.

In the other assignments of error, we find nothing so prejudicial to plaintiff in error, in view of our conclusion upon the case, as to justify a reversal.

The judgment is, therefore, affirmed.

HAMILTON and CUSHING, JJ, concur.