# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

MELANIE A. BROWN,

Plaintiff-Appellant,

v.

ROBERT C. KOZAK,

Defendant,

and

OHIO MUTUAL INSURANCE COMPANY,

Defendant-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 MA 0022**

---

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2019 CV 1914

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Judges,
William A. Klatt, Retired Judge of the Tenth District Court of Appeals,
Sitting by Assignment.

---

**JUDGMENT:**
Reversed and Remanded.

*Atty. Irene K. Makridis* and *Atty. Dimitrios N. Makridis*, for Plaintiff-Appellant and

*Atty. Craig G. Pelini* and *Atty. Gianna M. Calzola*, Pelini, Campbell & Ricard LLC, for Defendant-Appellee.

Dated:  February 21, 2024

---

**HANNI, J.**

{¶1}    Plaintiff-Appellant, Melanie A. Brown, appeals from a Mahoning County Common Pleas Court judgment on the jury verdict in favor of Defendant-Appellee, Ohio Mutual Insurance Company (Ohio Mutual), on Brown's uninsured motorist claim.

{¶2}    On September 2, 2017, Brown was injured in a motor vehicle accident when the vehicle Robert C. Kozak was driving struck the side of her car.  It was eventually alleged that Kozak swerved into Brown's lane of travel when an unknown vehicle failed to yield to Kozak's right-of-way, which caused Kozak to take evasive action to the left and into Brown's lane.

{¶3}    Brown filed a complaint against Kozak on September 19, 2019, for personal injury resulting from the accident.  Kozak answered asserting, among other defenses, that the statute of limitations had expired on any claim against him.  On February 4, 2020, Kozak filed a motion for summary judgment on this basis.

{¶4}    On March 5, 2020, Brown filed a motion for leave to file an amended complaint to reflect facts she discovered during Kozak's March 2, 2020 deposition.  The motion stated that Brown learned the accident was caused by an unknown driver who cut Kozak off and forced him to travel left of center and strike Brown's car.  It further stated that these newly discovered facts gave rise to a declaratory judgment action against Ohio Mutual, Brown's insurer, under the uninsured motorist provision of her policy.  The trial court granted Brown's motion, allowing her amended complaint to include "Doe I", "Doe II", and Ohio Mutual as defendants.

{¶5}    On September 11, 2020, the trial court granted Kozak's motion for summary judgment based on the statute of limitations.  Thus, the case proceeded only against Ohio Mutual and Doe.

**{¶6}** Ohio Mutual then filed a motion for summary judgment. The trial court granted the motion in part and denied it in part. The court found that as to Kozak, Brown had prejudiced Ohio Mutual's subrogation rights by filing her action after the statute of limitations expired. The court further found that there was a genuine issue of material fact as to the identity of the John Doe driver and, therefore, there was no prejudice against Ohio Mutual because Ohio Mutual could not subrogate against the unknown driver.

**{¶7}** The matter proceeded to a jury trial on January 3, 2023. Just prior to trial, Ohio Mutual admitted that Brown was not at fault at all for the accident. Up until this point, Ohio Mutual had alleged that Brown was comparatively negligent. The main issue at trial then was whether Kozak, John Doe, or some combination of the two of them were at fault in causing the accident. If Kozak was at fault, Brown could not recover against Ohio Mutual. If John Doe was at fault, Brown could recover under the uninsured motorist provision of her policy.

**{¶8}** The jury returned a verdict in favor of Ohio Mutual. In reaching their verdict, the jury answered several interrogatories, as follows:

1. Was Defendant John Doe, the unidentified driver, negligent?

   The jury answered "yes."

2. Was the negligence, if any, of Defendant John Doe, the unidentified driver, a direct and proximate cause of injury to Plaintiff?

   The jury answered "no."

3. Was Robert Kozak, the other driver who is not a party to this action, negligent?

   The jury answered "yes."

4. Was the negligence, if any, of Robert Kozak, the other driver who is not a party to this action, a direct and proximate cause of the injury to the Plaintiff?

   The jury answered "yes."

5. What percentage of negligence do you assign to Defendant John Doe, the unidentified driver, and to Robert Kozak, the other driver, as it relates to the whole sum of damages, if any, sustained by the Plaintiff, Melanie Brown?

To the fifth interrogatory, the jury assigned 20% of the negligence to John Doe and 80% of the negligence to Kozak.

{¶9} The interrogatories then stated: "(If you find that the negligence attributable to Robert Kozak was greater than 50%, your deliberations are complete, and you should fill out the verdict form for the Defendant. If you find that the negligence attributable to the Defendant, John Doe, was greater than 50% you shall proceed to the next question.)" The next/sixth interrogatory asked for the total amount of the compensatory damages recoverable by Brown. Because the jury found that the negligence attributable to Kozak was greater than 50%, they concluded their deliberations and did not consider the sixth interrogatory.

{¶10} Brown filed a timely notice of appeal on February 13, 2023. She now raises four assignments of error for our review.

{¶11} At the outset, we note that Brown's counsel failed to object to any of the alleged errors with the jury instructions/interrogatories that she now takes issue with on appeal. Thus, we must review each of the assignments of error under the plain error standard of review.

{¶12} Plain error occurs only when "there is an obvious deviation from a legal rule that affected the defendant's substantial rights by influencing the outcome of the proceedings." *In re A.D.*, 7th Dist. Jefferson Nos. 22 JE 0016, 22 JE 0017, 2023-Ohio-276, ¶ 55, quoting *In re T.J.W.*, 7th Dist. Jefferson Nos. 13 JE 12, 13 JE 13, 13 JE 14, 2014-Ohio-4419. "[T]he fundamental rule is that an appellate court will not consider any error which could have been brought to the trial court's attention." *Schade v. Carnegie Body Co.*, 70 Ohio St.2d 207, 210, 436 N.E.2d 1001 (1982). "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial

process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 122-123, 679 N.E.2d 1099 (1997).

{¶13} For ease of discussion, we will address Brown's assignments of error out of order.

{¶14} Brown's third assignment of error states:

THE COURT ERRED IN FAILING TO RESUBMIT THE INTERNALLY INCONSISTENT INTERROGATORIES TO THE JURY FOR THEIR RECONSIDERATION AND IMPROPERLY ENTERED JUDGMENT FOR THE DEFENSE DESPITE THEIR INCONSISTENCIES.

{¶15} In Interrogatory 2, the jury found that John Doe's negligence was not a proximate cause of Brown's injuries. In Interrogatory 5, in response to the question of what percentage of negligence do you assign to John Doe and to Kozak as it relates to the whole sum of damages, if any, sustained by Brown, the jury apportioned 80% to Kozak and 20% to John Doe.

{¶16} Here, Brown contends the trial court should not have accepted the jury's verdict due to these inconsistent interrogatory answers. Instead, she asserts the court was required to either send the jury back for further deliberations or order a new trial.

{¶17} Pursuant to Civ.R. 49(B), when the general verdict and the answers to interrogatories are consistent, the trial court shall enter the appropriate judgment upon the verdict and answers. When one or more of the interrogatory answers are inconsistent with the general verdict, the court may enter judgment in accordance with the answers, notwithstanding the general verdict, or the court may return the jury for further consideration of its answers and verdict or may order a new trial. Civ.R. 49(B).

{¶18} Here, the jury's answers to the interrogatories are inconsistent with each other and with the general verdict.

{¶19} The Ohio Supreme Court has previously recognized plain error in the case of a jury's inconsistent answers to interrogatories noting it was necessary "to ensure public confidence and reliability in the judicial proceedings." *O'Connell v. Chesapeake & Ohio R. Co.*, 58 Ohio St.3d 226, 229, 569 N.E.2d 889 (1991).

**{¶20}** In order to prevail on a negligence cause of action, the plaintiff must prove: a duty owed by the defendant to the plaintiff; a breach of that duty; injury or damages; and the existence of proximate cause between the breach and the injury or damages. *Lacy v. Wal Mart Stores*, 7th Dist. Belmont No. 11 BE 32, 2012-Ohio-1690, ¶ 24, citing *Menifee v. Ohio Welding Products, Inc.*, 15 Ohio St.3d 75, 77, 472 N.E.2d 707 (1984).

**{¶21}** In this case, the jury found that John Doe was negligent (Interrogatory 1) but that John Doe's negligence was not a proximate cause of Brown's injuries (Interrogatory 2). Based on the answers to these interrogatories, John Doe would not be liable at all to Brown.

**{¶22}** But to the interrogatory asking what percentage of negligence do you assign to John Doe and to Robert Kozak, as it relates to the whole sum of damages, if any, sustained by Brown, the jury answered:

| | |
|---|---|
| Negligence of Defendant John Doe, the unidentified driver | _20_ % |
| Negligence of Robert Kozak, the other driver | _80_ % |
| Must Equal | 100.00% |

(Interrogatory 5). The jury filled in the numbers "20" and "80." Based on the answers to this interrogatory, John Doe would be partially liable to Brown. Thus, the interrogatory answers are inconsistent.

**{¶23}** Moreover, the jury entered a general verdict for Ohio Mutual. This verdict likewise is inconsistent with the answer to Interrogatory 5.

**{¶24}** In examining a similar issue, and ultimately finding plain error, the Ohio Supreme Court stated:

First and foremost, we believe the determination of causal negligence on the part of one party to be a precondition to apportioning comparative fault to that party. It is illogical to require, or even allow, a juror to initially find a defendant has not acted causally negligently, and then subsequently permit this juror to assign some degree of fault to that same defendant. Likewise, where a juror finds that a plaintiff has not acted in a causally negligent manner, it is incomprehensible to then suggest that this juror may apportion

some degree of fault to the plaintiff and thereby diminish or destroy the injured party's recovery.

*O'Connell,* 58 Ohio St.3d at 235.  The Court went on to reason, "it cannot be denied that the allocation of fault is a method through which a juror clarifies his or her finding that a party is causally negligent for the injury sustained.  As such, the allocation of fault flows from the adjudication of negligence and proximate cause." *Id.* at 236.

{¶25} In this case, the court permitted the jury to find that John Doe was not a proximate cause of Brown's injuries (in other words not causally negligent), yet still apportion 20% fault to John Doe for Brown's damages.  These findings are logically inconsistent with each other.  Upon recognizing these inconsistent answers, the trial court should have either returned the jury for further consideration of its answers and verdict or ordered a new trial.

{¶26} The problem here is further compounded by the issue raised in Brown's fourth assignment of error, that the interrogatories are not signed by any of the jurors, as will be discussed next.

{¶27} Accordingly, Brown's third assignment of error has merit and is sustained.

{¶28} Brown's fourth assignment of error states:

THE COURT ERRED IN ACCEPTING THE JURY'S VERDICT IN THE ABSENCE OF SIGNED JURY INTERROGATORIES.

{¶29} When the jury returned their verdict, the court read the answers to the interrogatories in open court. (Tr. 460-461).  It noted that while the general verdict was signed, the interrogatories were not. (Tr. 461).  Given the lack of signatures, the court asked the parties if it was necessary to poll the jury. (Tr. 461-462).  Ohio Mutual's counsel responded "no." (Tr. 462).  Brown's counsel did not respond.

{¶30} In her final assignment of error, Brown claims the trial court erred in accepting the interrogatories given that none of the interrogatories were signed by any jurors.

{¶31} Section 5, Article I of the Ohio Constitution, requires the "concurrence of not less than three-fourths or more of the jury" for a verdict.  Civ.R. 48 provides that "in all civil actions, a jury shall render a verdict upon concurrence of three-fourths of their

number. The verdict shall be in writing and signed by each of the jurors concurring therein."

{¶32} In this case, the trial court instructed the jury: "It is necessary that at least six of the jurors agree on the answers to the interrogatories and on the general verdict. Those of you who agree will sign in ink the answers to the interrogatories and the general verdict." (Tr. 430-431). Later in the instructions the court again told the jury: "A question [interrogatory] is answered when at least six of the jurors agree. All who agree must sign." (Tr. 442).

{¶33} Each of the interrogatory forms contains eight lines below the question posed for the jurors to sign their names. The last line contains the designation "Foreman/Forewoman", indicating the foreperson should sign there if applicable. None of the forms are signed by any of the jurors despite the fact that the jurors circled the answers to each question on the forms. Six of the eight jurors (constituting the necessary ¾ majority) did sign the general verdict form.

{¶34} The jury here completely disregarded the trial court's instructions to sign the answers to the interrogatories. Given the fact that no jurors signed any of the interrogatories, we cannot know how many jurors actually agreed with the answers. It may have been all eight jurors. It may have been six out eight, as required for a ¾ majority. Or it may have only been a simple majority of five out of eight, which would not be enough to support the answer.

{¶35} The First District Court of Appeals once stated: "The necessary number of jurors failed to sign answers to certain interrogatories. These are, therefore, valueless for any purpose." *Swisher v. Cleveland, C., C. & St. L. Ry. Co.*, 14 Ohio Law Abs. 597, 599 (1st Dist.1933). We cannot guess here how many jurors actually concurred with the answers to the interrogatories. And given the inconsistencies discussed above with the answers to the interrogatories and verdict form, this rises to the level of plain error.

{¶36} Clearly, Brown's counsel should have objected to the unsigned interrogatories and taken advantage of the opportunity to poll the jury. Likewise, counsel should have objected to the inconsistent interrogatory answers discussed in the third assignment of error. But in this case we cannot hold counsel's carelessness against Brown. This case is one of the rare cases where the errors made at trial "seriously affects

the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss*, 79 Ohio St.3d at 123.

**{¶37}** Accordingly, Brown's fourth assignment of error has merit and is sustained.

**{¶38}** Given our resolution of Brown's third and fourth assignments of error, her first and second assignments of error are now moot.

**{¶39}** Brown's first assignment of error states:

THE COURT COMMITTED ERROR IN INSTRUCTING THE JURY TO STOP DELIBERATIONS AND RETURN A DEFENSE VERDICT UPON FINDING DOE'S NEGLIGENCE TO BE 50 PERCENT OR LESS.

**{¶40}** Brown's second assignment of error states:

THE COURT COMMITTED ERROR IN FAILING TO CORRECT THE ORIGINAL INTERROGATORIES AND JURY INSTRUCTIONS AFTER RECOGNIZING THEIR INCONSISTENCY WITH THE JOINT AND SEVERAL LIABILITY STATUTE.

**{¶41}** For the reasons stated above, the trial court's judgment is hereby reversed and the matter is remanded to the trial court for further proceedings pursuant to law and consistent with this opinion.

Waite, J., concurs.

Klatt, J., concurs.

Case No. 23 MA 0022

---

For the reasons stated in the Opinion rendered herein, the first and second assignments of error are moot, the third and fourth assignments of error are sustained. It is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is reversed. We hereby remand this matter to the trial court for further proceedings according to law and consistent with this Court's Opinion. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**