[Cite as *Benetis v. State Farm Ins.*, 2026-Ohio-2195.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

TERRY BENETIS,

Plaintiff-Appellant,

v.

STATE FARM INSURANCE,

Defendant-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 25 MA 0096

---

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2020 CV 2033

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Reversed and Remanded.

---

*Atty. Irene K. Makridis*, for Plaintiff-Appellant and

*Atty. Josephine V. Prokop* and *Atty. Marshall K. Evans*, Williams, Moliterno & Scully Co., L.P.A., for Defendant-Appellee.

Dated: June 11, 2026

**HANNI, J.**

**{¶1}** Plaintiff-Appellant, Terry Benetis (Appellant), appeals the September 15, 2025 judgment of the Mahoning County Common Pleas Court adopting a magistrate's decision, setting aside a $203,806 jury verdict in favor of Appellant, and issuing judgment in favor of Appellant in the amount of $8,631.

**{¶2}** Appellant contends the trial court erred by granting Appellee, State Farm's (State Farm) motion for judgment notwithstanding the verdict (JNOV) reducing jury awards in her favor from $163,806 in economic damages to $6,831 and $40,000 in non-economic damages to $2,000. State Farm contends the trial court granted its motion for remittitur, not JNOV.

**{¶3}** We find the trial court remiss by failing to clarify its ruling on State Farm's JNOV, remittitur, or new trial. We further find the trial court remiss in adopting the unclear magistrate's decision.

**{¶4}** However, we can discern from the trial court's judgment entry that it did not grant JNOV. JNOV requires judgment in favor of the moving party and the court ruled in Appellant's favor. We further discern from the court's judgment entry that the court did not grant remittitur because it failed to apply any of the proper criteria for doing so. The court failed to find the verdict was not influenced by passion or prejudice, did not find the award excessive, and did not seek Appellant's consent to a reduction of damages.

**{¶5}** Consequently, we find the trial court's errors constitute a manifest miscarriage of justice, resulting in plain error. As a result, we conclude that the trial court issued a void judgment because while it attempted to grant relief, it granted no relief authorized under law. We therefore remand this case to the trial court to void its judgment entry and reinstate the jury verdict in favor of Appellant for $203,806.

## I.     FACTS AND PROCEDURE

**{¶6}** Appellant was involved in an automobile accident on December 13, 2016. In 2018, she sued the tortfeasors for negligence and she sued her insurance company, State Farm, for uninsured motorist coverage. She thereafter voluntarily dismissed this complaint.

{¶7} On December 10, 2020, Appellant refiled her complaint in the Mahoning County Common Pleas Court and subsequently obtained default judgment against the tortfeasors. Since the tortfeasors lacked automobile insurance, Appellant sought coverage under her uninsured automobile policy with State Farm. Her case proceeded to trial solely against State Farm.

{¶8} On September 27, 2024, the jury returned a general verdict for $203,806 in Appellant's favor. The jury specifically awarded Appellant $163,806 in past medical expenses/economic damages and $40,000 in non-economic damages.

{¶9} On October 3, 2024, State Farm filed a motion for JNOV, new trial or remittitur. In requesting JNOV, State Farm asserted that Appellant failed to prove $163,806 in economic damages because none of her medical experts established that her claims were proximately caused by the automobile accident. State Farm asserted the same regarding the $40,000 non-economic damage award. State Farm noted the only treatment Appellant underwent in 2016 was for "soft tissue" injuries relating to chest pain and contusion.

{¶10} In the same motion, State Farm alternatively requested remittitur or a new trial, asserting the jury's award was excessive and based on an atmosphere of passion created by Appellant's testimony concerning her continued hardship. State Farm additionally argued that Appellant's medical expert testimony failed to establish the necessity of Appellant's medical bills or treatment, which suggested the verdict was against the manifest weight of the evidence.

{¶11} State Farm requested that the trial court set aside the verdict and grant JNOV in its favor, grant a new trial on the issue of damages, or order remittitur to reduce damages to the amount based on the evidence admitted at trial.

{¶12} The magistrate held a hearing on State Farm's motion and issued a ruling on April 14, 2025. He found that Appellant suffered damages following the automobile accident, she was covered under her uninsured motorist policy with State Farm, and State Farm paid $2,000 in medical payments under the policy.

{¶13} The magistrate further found that Appellant received proper and reasonable treatment in the emergency room and the treatment totaled $6,591 based on admitted evidence, including lay testimony. The magistrate also found Appellant took two days off

work on December 22 and December 23, 2016. He held that Appellant failed to establish that additional time taken off of work in 2017 and beyond was directly and proximately caused by the automobile accident.

{¶14} The magistrate noted that Appellant presented videotaped testimony from three expert witnesses. He found that Appellant's first expert, Clinical Nurse Specialist Jenna Seavey (CNS), was unable to render an expert opinion about the necessity and reasonableness of Appellant's medical treatment or an opinion about whether the treatment was directly related to the automobile accident. He indicated she specifically refused to provide an opinion about proximate cause or damages.

{¶15} The magistrate further found that Appellant's second expert, Dr. Dmitri Kolychev, a neurologist, did not examine Appellant until nearly seven years after the automobile accident. The magistrate noted that Dr. Kolychev would not comment on Appellant's post-traumatic stress disorder (PTSD) symptoms, and he also failed to provide an opinion on proximate cause or damages.

{¶16} The magistrate addressed the testimony of Appellant's third expert, Deborah Koricke, Ph.D., who Appellant retained for an evaluation. The magistrate indicated Dr. Koricke did not treat Appellant, but met with her remotely six years after the automobile accident. The magistrate noted Dr. Koricke was unaware of Appellant's past treatment history for psychiatric stress, anxiety and depression beginning as early as 2007. He further found that Dr. Koricke failed to testify Appellant's treatment was directly and proximately caused by the accident or that the treatment was reasonable and necessary, as required for an expert opinion.

{¶17} The magistrate concluded Appellant failed to provide required expert medical testimony regarding proximate cause and damages. He indicated that at trial, the court granted State Farm's motion for directed verdict after Appellant presented her case based on Appellant's failure to provide required expert testimony to establish permanent and future damages, which limited her recovery to past economic and non-economic damages.

{¶18} In his conclusions of law, the magistrate held Appellant was entitled to compensatory damages for her emergency room treatment and lost wages directly related to the automobile accident. He concluded that emergency room treatment was

within the realm of common knowledge of laypersons, but expert testimony was required for causation for any treatment outside of common knowledge.

**{¶19}** The magistrate concluded as a matter of law that Appellant was unable to establish the reasonableness and necessity of her treatment absent expert testimony. (Mag. Dec. 4). He emphasized that CNS Seavey was unable to render an expert opinion establishing the treatment was directly related to the accident. He held that Dr. Koricke's testimony failed to meet the expert standard required for establishing the proximate cause of Appellant's injuries, treatment, and damages. The magistrate held the same regarding Dr. Kolychev.

**{¶20}** Accordingly, the magistrate concluded that Appellant's compensatory damages were limited to only those established by common knowledge. He set aside the jury verdict to the extent it was unsupported by sufficient evidence of past economic and non-economic damages. He held that Appellant was entitled to $6,831 in economic damages and non-economic damages of $2,000.

**{¶21}** Appellant, through counsel, filed an appeal of the magistrate's decision to this Court. However, we dismissed the appeal on June 13, 2025 for lack of a final appealable order in Case Number 25 MA 0047. We held that while the magistrate had characterized his decision as a final appealable order, it was not since only the trial court has the authority to enter a final judgment that terminates an action. *Benetis v. State Farm Ins.*, 25 MA 0047. (June 13, 2025 J.E.).

**{¶22}** On August 28, 2025, State Farm filed a motion in the trial court to enter judgment consistent with the Magistrate's Journalized Entry. On September 15, 2025, the trial court adopted the Magistrate's Order without objection.

**{¶23}** On October 14, 2025, Appellant filed the instant appeal. She asserts the following two assignments of error in her brief:

I. **THE TRIAL COURT ERRED IN RULING FOR JUDGMENT NOTWITHSTANDING THE VERDICT BY REDUCING THE NON-ECONOMIC DAMAGES FROM THE $40,000 AWARDED BY THE JURY TO $2,000.**

II. **THE TRIAL COURT ERRED IN RULING FOR JUDGMENT NOTWITHSTANDING THE VERDICT BY REDUCING THE**

Case No. 25 MA 0096

**ECONOMIC DAMAGES FROM THE $163,806 AWARDED BY THE JURY TO $6,831.**

**{¶24}** Since both assignments of error concern the granting of Appellant's motion for JNOV, new trial, or remittitur, we shall address them together.

## II. LAW AND ANALYSIS

**{¶25}** Appellant asserts the trial court granted State Farm's motion for JNOV and the appropriate standard of review is similar to that for reviewing a ruling on a motion for summary judgment or directed verdict. State Farm asserts the trial court granted remittitur because the court did not grant judgment in its favor and still rendered in favor of Appellant. State Farm further submits the court granted remittitur because it reduced the amount of damages awarded to Appellant.

**{¶26}** Appellant replies that even if the trial court granted remittitur, it did so improperly. Appellant notes that under Civ.R. 59(A)(5), before a trial court may grant remittitur, it must obtain the plaintiff's consent to the reduction in damages. She asserts the trial court should have offered her the choice of a reduction in the jury's damages award or a new trial. Appellant also notes that the court made no finding that the jury's verdict was excessive or a product of passion and prejudice.

**{¶27}** It is noted that Appellant appealed the magistrate's decision to this Court on May 9, 2025 and we dismissed her appeal for lack of a final appealable order. State Farm filed a motion two months later for the trial court to enter judgment consistent with the magistrate's decision. The court issued its entry adopting the magistrate's decision and noting that no objections were filed. Appellant then filed this appeal.

## A. STANDARDS OF REVIEW

**{¶28}** Plain error occurs only when "there is an obvious deviation from a legal rule that affected the defendant's substantial rights by influencing the outcome of the proceedings." *Brown v. Kozak*, 2024-Ohio-670, ¶ 12 (7th Dist.), quoting *In re A.D.*, 2023-Ohio-276, ¶ 55 (7th Dist.) (citation omitted). Appellate courts do not favor the plain error doctrine and it is applied "only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby

challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 122-123 (1997).

**{¶29}** A party may file a motion for JNOV requesting that the court set aside the jury's verdict and enter judgment in accord with its motion. Civ.R. 50(B). If a jury has returned a verdict, Civ.R. 50(B)(3) instructs that the court:

> may allow the judgment to stand or may reopen the judgment. If the judgment is reopened, the court shall either order a new trial or direct the entry of judgment, but no judgment shall be rendered by the court on the ground that the verdict is against the weight of the evidence.

**{¶30}** The standard of review for a ruling on JNOV is de novo because a motion for JNOV tests the legal sufficiency of the evidence. *See Triad Hunter, LLC v. Eagle Natrium, LLC*, 2024-Ohio-5188, ¶ 19 (7th Dist.), citing *Eastley v. Volkman*, 2012-Ohio-2179, ¶ 25 and *Posin v. A.B.C. Motor Court Hotel, Inc.*, 45 Ohio St.2d 271, 275 (1976). In determining whether to grant JNOV, the trial court must construe the evidence in a light most favorable to the non-moving party and determine whether the moving party is entitled to judgment as a matter of law without weighing evidence or evaluating the credibility of witnesses. *Id*. at ¶ 19. A trial court should grant the motion if reasonable minds could come to only one conclusion and that conclusion is in favor of the moving party. *Id*.

**{¶31}** JNOV challenges the jury's verdict, not the jury's award of damages. *Tesar Indus. Contrs., Inc. v. Republic Steel*, 2018-Ohio-2089, ¶ 30 (9th Dist.). When it is determined that a jury award is not supported by the evidence, remittitur is the proper vehicle for such a challenge, not JNOV. *Id*., citing *Catalanotto v. Byrd*, 2015-Ohio-277, ¶ 9 (9th Dist.).

**{¶32}** Civ.R. 59(A) allows for a new trial on the basis of "(4) [e]xcessive or inadequate damages, appearing to have been given under the influence of passion or prejudice." A trial court properly grants remittitur when "(1) a jury has determined the unliquidated damages; (2) the jury's verdict was not influenced by passion or prejudice, but the verdict was excessive; and (3) the prevailing party consents to the reduction in the damages." *Triad* at ¶ 90, citing *Wray v. Allied Indus. Dev. Corp.*, 2002-Ohio-5214, ¶ 14 (7th Dist.), citing *Wightman v. Consolidated Rail Corp.*, 86 Ohio St.3d 431, 444

(1999). If the prevailing party refuses to accept the reduction in damages, the court should order a new trial. *Wray* at ¶ 14, citing *Lance v. Leohr*, 9 Ohio App.3d 297, 298 (7th Dist. 1983). The proper standard of review for a trial court's decision to deny or grant remittitur is abuse of discretion. *Triad* at ¶ 89.

**{¶33}** Remittitur is an alternative to a new trial. *Tesar at* ¶ 31, quoting *Brooks v. Wilson,* 98 Ohio App.3d 301, 307 (9th Dist. 1994)*.* If a party is awarded excessive damages influenced by passion or prejudice, a new trial may be granted. *Id.* (citations omitted). If the verdict is manifestly excessive, but not influenced by passion or prejudice, the court may grant a motion for remittitur. *Id.*

## B.     ANALYSIS

**{¶34}** In its judgment entry adopting the magistrate's decision, the trial court did not specifically state its ruling on State Farm's motion for JNOV, new trial, or remittitur. The magistrate's decision also failed to specify his ruling. Rather, the court adopted the magistrate's decision and rendered judgment for Appellant in the amount of $6,831 in economic damages and $2,000 in non-economic damages.

**{¶35}** The substance of the court's decision appears to partially grant and partially deny State Farm's motion for JNOV. A motion for JNOV challenges the legal sufficiency of the evidence. *See Triad*, 2024-Ohio-5188, at ¶ 19 (7th Dist.). Two of the elements a plaintiff must prove to recover on a negligence claim are that the defendant's breach of a duty proximately caused her injuries and she suffered injuries or damages. *Harrod v. USAA Ins. Co.*, 2019-Ohio-2748, ¶ 15 (2d Dist.) (citations omitted). If the cause and effect relationship between the negligence and the injury is "so apparent as to be matters of common knowledge," then a plaintiff need not present medical expert testimony. *Darnell v. Eastman*, 23 Ohio St.2d 13, 17 (1970) (citations omitted). Where common knowledge is not so apparent, a medical expert's opinion is required to establish proximate cause because it involves a scientific inquiry. *Id.*

**{¶36}** The court here did not issue judgment in State Farm's favor. Rather, it found Appellant failed to present sufficient evidence through her medical experts that her psychological injuries and treatment were proximately caused by the automobile accident and that they were reasonable and necessary. The court found Appellant was entitled to reasonable and necessary damages within the realm of common knowledge, such as an

emergency room visit, primary provider treatment, and lost wages immediately following the accident. The court found that none of Appellant's experts established proximate cause.

{¶37} Interestingly, the court found that Dr. Koricke did not meet the expert standard regarding the direct and proximate cause of Appellant's injuries and the reasonableness and necessity of her psychological treatment. The court reasoned that Dr. Koricke was retained by Appellant to evaluate and review her treatment and she provided no treatment to Appellant. (Sept. 15, 2025 J.E.). The court further found Dr. Koricke met only remotely with Appellant six years after the automobile accident. (Sept. 15, 2025 J.E.). The court additionally found Dr. Koricke was unaware of Appellant's prior history of psychiatric conditions which started as early as 2007. (Sept. 15, 2025 J.E.). Finally, the trial court found that Dr. Koricke failed to testify that Appellant's treatments were directly and proximately caused by the accident or that her treatment was reasonable and necessary. (Sept. 15, 2025 J.E.).

{¶38} But contrary to the court's conclusions, Dr. Koricke did testify that Appellant's psychiatric and psychological treatment and expenses were reasonable and necessary and proximately caused by the automobile accident. (Koricke Depo. 50-54). Dr. Koricke stated she evaluated Appellant nearly six years after the accident at the request of Appellant's counsel via Zoom. (Koricke Depo. 14-20). Dr. Koricke reviewed all of the psychological and psychiatric treatment Appellant received following the accident, from 2017 through 2021, and noted Appellant's mild traumatic brain injury, post-concussive syndrome, anxiety, major depressive disorder, cognitive disorder, and PTSD diagnoses stemming from the accident. (Koricke Depo. 14-20, 30-33). She also discussed medical records showing Appellant's slow recovery and in fact worsening recovery due to her memory loss and the severity of her emotional distress. (Koricke Depo. 33).

{¶39} Dr. Koricke opined that Appellant had become more stable and functional than others as an adult, despite Appellant's prior psychological issues stemming from a very difficult childhood which included abuse. (Koricke Depo. 51). Dr. Koricke testified that despite her childhood traumas, Appellant appeared to work through her issues and become a wife, a mother, and a full-time worker for the hospital. (Koricke Depo. 17). Dr.

Koricke noted that Appellant divorced, but she did not appear to suffer any significant problems as a result. (Koricke Depo. 17). She also recognized that Appellant had obtained an associate's degree while working full-time and raising her two daughters. (Koricke Depo. 18).

**{¶40}** However, Dr. Koricke reported that the automobile accident was an "emergency setback that sent her life into a tailspin, unfortunately." (Koricke Depo. 51). She explained that Appellant was working full-time performing remote billing for a hospital, which she had been doing for many years, and she attempted to continue after the accident. (Koricke Depo. 18-20). But Appellant had trouble with recall and memory, as well as with keeping up with tasks and driving, so she applied for and was granted social security disability benefits, which are difficult to obtain. (Koricke Depo. 45, 47). Dr. Koricke also opined that, based on her education, training, experience, review of Appellant's medical records, and her interview with Appellant, to a reasonable degree of psychological certainty, the automobile accident was the direct and proximate cause of Appellant's PTSD, major depressive disorder and panic disorder. (Koricke Depo. 34-35, 50-51).

**{¶41}** This testimony belies the trial court's conclusion that Appellant failed to provide any medical expert testimony regarding proximate cause or damages. It also establishes that the court did not review the evidence in a light most favorable to Plaintiff, as required for considering a motion for JNOV. Dr. Koricke conducted a thorough review of the medical evidence and found proximate cause and reasonable and necessary psychological treatment stemming from the automobile accident. Dr. Koricke explained that while Appellant's prior mental health issues existed, she was able to get married, get divorced without significant issue, obtain an education while raising a family, and work and function better than most.

**{¶42}** While the court pointed out Dr. Koricke was unaware of some aspects of Appellant's prior psychiatric treatment, it appears the court crossed into a credibility determination in doing so. This is also evidenced by the court's findings that Dr. Koricke remotely assessed Appellant, never treated her, and evaluated her six years after the automobile accident. The credibility of Dr. Koricke's testimony is a question of fact.

Case No. 25 MA 0096

**{¶43}** Moreover, contrary to Appellee's conclusion, the trial court did not grant its motion for remittitur or a new trial. A motion for remittitur challenges the weight of the evidence and requires the court consider the specific criteria that: "(1) a jury has determined the unliquidated damages; (2) the jury's verdict was not influenced by passion or prejudice, but the verdict was excessive; and (3) the prevailing party consents to the reduction in the damages." *Triad*, 2024-Ohio-5188, at ¶ 90 (7th Dist.), citing *Wray*, 2002-Ohio-5214, at ¶ 14 (7th Dist.) (citing *Wightman*, 86 Ohio St.3d at 444). Thereafter, if the prevailing party refuses to consent to the damages reduction, the court should order a new trial. *Wray* at ¶ 14, citing *Lance,* 9 Ohio App.3d at 298 (7th Dist. 1983). The trial court did not indicate it made any of these considerations and it did not give Appellant any opportunity to consider, much less consent, to the reduced damages award. Nor did the court order a new trial.

**{¶44}** For these reasons, we find that Appellant's first and second assignments of error have merit. It is unclear whether the trial court granted or denied State Farm's motion for JNOV, a new trial, or remittitur. It is clear the court applied improper standards in attempting to rule on State Farm's motion. This constitutes plain error as it constitutes an obvious deviation from the legal rules that seriously affected the basic fairness of the judicial process.

**{¶45}** While the court did not clearly or properly apply JNOV or remittitur procedures, it did not find the jury's award excessive or influenced by passion or prejudice. Rather, the court improperly undertook an examination of proximate cause and an improper review of Appellant's expert in this case, both more properly left for appellate review jurisdiction.

**{¶46}** For the reasons stated above, we reverse the trial court's judgment as void because it grants no relief authorized under law. We remand this case to the trial court to reinstate the jury verdict in favor of Appellant in the amount of $203,806.

Waite, P.J., concurs.

Dickey, J., concurs.

Case No. 25 MA 0096

---

For the reasons stated in the Opinion rendered herein, the assignments of error are sustained and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is reversed and remanded.

We reverse the trial court's judgment as void because it grants no relief authorized under law. We remand this case to the trial court to reinstate the jury verdict in favor of Appellant in the amount of $203,806. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**